## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

Bedrock Realty Trust and
Samuel Bourne individually
and as Trustee

        Plaintiff

        v.

Stewart Title Guaranty Company of
Northern New England, Inc.
and Chairman and Chief Executive officer
Malcolm S. Morris
And
Laconia Savings Bank and
Linda D. Normandin President
and Chief Executive officer

        Defendants

Docket No. _/:09-CV-270-PB_

Verified Complaint

Jury Trial Demanded

# VERIFIED PETITION FOR PRELIMINARY INJUNCTION AND EQUITABLE RELIEF UNDER COMMON LAW

NOW COMES the Plaintiff Bedrock Realty Trust and Samuel Bourne individually and as Trustee

and states as follows:

JURISDICTION: Plaintiff pleads diversity jurisdiction under 28 U.S.C. 1332. The amount in

controversy in excess of $75,000.00 dollars, exclusive of interest and cost, and the property in

question is located in New Hampshire. Many of the issues presented contain questions of

1

Federal law.

1.   The Plaintiffs Bedrock Realty Trust owns property in Madison N.H. and Samuel Bourne

individually and as Trustee resides at 117 Pond St East-Bridgewater, MA 02333 (508) 378-9319

2.   The defendant Stewart Title Guaranty Company of Northern New England, Inc. and

Chairman and Chief Executive officer Malcolm S. Morris

has a usual place of business at 110 Corporate Drive Suite 1, Portsmouth, N.H. 03801  (603)

427-2811 *phone*, (603) 668-3974 *fax*

3.   The defendant Laconia Savings Bank and Linda D. Normandin President

and Chief Executive officer has a usual place of business at 62 Pleasant Street Laconia, N.H.

03246  (1-800) 832-0912

## INTRODUCTION

4.  This is an action for preliminary injunction preventing foreclosure and an action for

rescission of an illegal and void Mortgage and Note to certain real estate. This purported

Mortgage and Note and actions taken by the defendant Laconia Savings Bank contain unfair

trade practices and predatory lending practices. The Plaintiff also seeks recovery for certain

damages for non-discloser of the Plaintiff's right to cancel, non-discloser of certain truth in

lending disclosers and Federal and State violations of numerous consumer rights. The Plaintiff

also seeks tremble damages for contributing negligence and Tying violations between the two

defendants. Plaintiff also seeks to prevent Constitutional Due Process violations. The amount

of money Laconia Savings Bank claims to be owed is vigorously disputed.

2

5. The Plaintiff also seeks to recover from defendant Stewart Title Guaranty Co. tremble damages, do to certain expenses previously incurred by the Plaintiff in defense of the subject property, in which Stewart Title Guaranty Company owed a duty, but failed to warn, failed to cure, and failed to defend as required in said contract. The Plaintiff also seeks tremble damages for breech of contract, negligence and false representation by defendant Stewart Title Guaranty Co. and additionally for violation of Federal and State consumer protection rights, and additional damages for anti trust Tying violations.

6. The Plaintiff will be seriously injured unless defendant's foreclosure and other activities complained of are preliminarily and permanently enjoined.

The Plaintiff will suffer irreparable injury of a continued nature that cannot be adequately calculated or compensated in money damages.

7. Laconia Savings Bank representative John E. Swenson, VP has previously stated that the bank estimates it will sell the subject property at foreclosure auction at a loss of at least $75,000.00 dollars, even though the Loan Principal is $175,000.00 dollars.  The defendant Bank has refused all reasonable steps to assist the borrower avoid foreclosure and has refused to explore fair and reasonable alternatives to foreclosure, even though the Bank expects a major loss of Principal at auction. Therefore, preliminary injunction would best serve the publics interest preventing home prices being forced downward by additional foreclosures as well as preventing severe financial hardship upon the Plaintiff.

8. Granting preliminary injunctive relief will not cause any harm to the defendant Bank. Granting preliminary injunctive relief would prevent violations of the Plaintiff's Constitutional Due Process Rights and allow this Court time to review the extensive damage done to the

3

Plaintiff, as a result of the defendant's continued Negligence.

Background

9.   The Plaintiff by its trustee purchased a vacation home in Madison, N.H. on Sep 30, 2002 for

$92,500.00 dollars, in part with retirement funds, and in doing so, received the first mortgage

from Laconia Savings Bank for $50,000.00 dollars. Tied together with said loan, was the

requirement to purchase Title Insurance from Stewart Title Guaranty Company as a mandated

requirement by Laconia Savings Bank. Then on or about January 6, 2005 the Plaintiff then

received a 2nd loan from Laconia Savings Bank and then again on or about October 13, 2005 the

Plaintiff received a 3rd mortgage from Laconia Savings Bank. The first mortgage was

consolidated into the second mortgage and the second mortgage was consolidated into the

third mortgage, totaling $175,000.00 dollars.

10.   A conflict with the Town of Madison NH was ongoing that related to the Town's

unfounded and frivolous claims to a prescriptive Class VI road and other claims to and over the

Plaintiff's property, which interfered with all reasonable use of the property. The town insisted

on having a dangerous snowmobile trail and future ATV trail through the Plaintiff's front yard,

just ten feet from the door step of the existing dwelling on the 50 acre locus. The town also

falsely revoked the Plaintiff's build permit, which was originally issued to replace the existing

dwelling. The town interfered with maintenance of the deeded access, interfered with new

Electrical service, denied a subdivision request, and the town attempted to layout a paper road

to evade judgment in the consolidated cases.

11.   One neighbor Mr. Cyr also had made adverse claims to the property, which the plaintiff

had to defend at a great expense. The defendant Title Company refused to defend the adverse

4

claims against the property, which effected all reasonable use and marketability of the subject property. Neighbor and snowmobile member Mr. Cyr Settled out of court by paying Bourne $8,450.00 dollars, a portion of the cost incurred.

12.   The Plaintiff was continually forced to defend the rights of the trust and the rights reserved by the Bank. The defendant Title Company was given notice of the false claims made against the property and refused to intervene. The defendant Bank also had full knowledge of the legal conflict, and continued to lend funds to the trust regardless of the legal dispute of title. Laconia Savings Bank employed closing agent refused to produce documents prior to closing, and at closing stated that all documents requiring signatures were standard mortgage documents normally required by the Bank. Closing agent rushed mortgagee through closing process do to alleged schedule conflict.

Defendant Bank was notified of certain errors and discrepancies following said closing on or about 1-7-2005, but defendant Bank failed to act.

13. The claims to the subject locus by the town of Madison were a result of certain maps being admittedly falsified, road reports being fabricated and the Kelsey foot trail easement purported to grant an easement over an easement, and the town concealed it never accepted the Kelsey foot trail within 20 years as required by law, RSA 508:2, but instead attempted to implement additional uses beyond what could have been allowed. It was also discovered that the notary of witness on the Kelsey deed was willfully falsified by the town's attorney Randall Cooper according to sworn affidavits of Patrick and Patricia Kelsey.

14. The Carroll County Superior Court and N.H. Supreme Court both agreed that the Town's claim to a prescriptive highway, a Class VI highway and violations of the alleged Kelsey foot

5

trail easement were unfounded and the court also rejected the town's attempt to evade judgment by the unlawful road layout implemented to create a motorized trail. See consolidated docket No. 03-E-061, 03-E-114, 03-E-144, and 05-E-014 and NH Supreme Court docket No. 2008-0550.

15. The N.H. court system resolved the land dispute in part, but left the Plaintiff with the financial damages.

16. There is other litigation still pending. See United States District Court for the District of New Hampshire docket No. 1:05-CV-365-JD and Carroll County Superior Court docket No. 08-E-027.

17. Due to the Defendant's negligence and abuse, the Plaintiff additionally alleges that Laconia Savings Bank committed certain unlawful "predatory Lending Practice", and shares the responsibility of damages with Stewart Title's Negligence noted above, and in originating and servicing certain "subprime" mortgage loans between 2002 and 2009 in New Hampshire; the defendant's acted unfairly and deceptively in violation of the New Hampshire consumer protection act RSA 358-A. and Federal Truth in Lending Act (TILA) 15 U.S.C. § 1638.

18. The Plaintiff is a Massachusetts resident, in which he is also protected under the Laws of Massachusetts, and as such, the Plaintiff also alleges that the defendant's violated the Massachusetts Consumer Protection act under Chapter 93A: Section 11. (1) the loans were ARM loans with an introductory rate period of three years or less; (2) they featured an introductory rate for the initial period that was at least three per cent below the fully indexed rate; (3) they were made to borrowers for whom the debt-to-income ratio would have exceeded fifty per cent had the defendants measured the borrower's debt by the monthly

6

payments that would be due at the fully indexed rate rather than under the introductory rate; and (4) the loan- to-value ratio was one hundred per cent, or the loan featured a substantial prepayment penalty as greater than the "conventional prepayment penalty" defined in G. L. c. 183C, § 2) or a prepayment penalty that extended beyond the introductory rate period. See COMMONWEALTH vs. FREMONT INVESTMENT & LOAN & another.

452 Mass. 733 October 8, 2008 - December 9, 2008

19. Additionally the Plaintiff alleges Illegal "tying": Which constitutes a violation of U.S. antitrust Laws, as the defendant Laconia Savings Bank required the Plaintiff to purchase Stewart Title guaranty services in order to receive the original loan. Stewart Title's inferior services and lack of defense of the Plaintiff's Title, has caused extreme financial hardship for the Plaintiff.

20. Laconia Savings Bank also used a separate entity for income verification and not the Plaintiff's inadequate salary to justify loan qualification. The Bank also failed to show where and how amounts claimed to be owed were derived from. As a direct, proximate, and foreseeable result of both defendants' actions, Plaintiff is subject to loss of property and loss of use of property, loss of retirement funds and other damages as a result of defendant's actions.

## (COUNT ONE)

### Request for Preliminary Injunction

21. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one through twenty one.

22. To prevent irreparable harm and threat of foreclosure. A Preliminary Injunction should be granted to prevent any foreclosure proceedings, while there is pending litigation and especially

7

during the time this Court determines the full extent of damages caused and liability of

defendant Stewart Title Guaranty Company. And, while this Court determines the full amount

of contributory negligence and Predatory Lending Practices by defendant Laconia Savings Bank

a Preliminary Injunction should be granted.

## (COUNT TWO)

### Breech Of Contract

23. The Plaintiff re-alleges and incorporates by reference the allegations contained in

paragraphs one through twenty three.

24. Laconia Savings Bank breeched its contract by excessive interest fees, non-discloser of the

Plaintiff's right to cancel, non-discloser of certain truth in lending disclosers and predatory

lending practices.

25. Breech of fiduciary duty and Plaintiff disputes the actual amount alleged to be owed to

defendant Laconia Savings Bank.

26. Defendant Stewart Title Guaranty Company breeched its obligation to warn, to defend

against the adverse claims, and failed to protect the Plaintiff's property rights and

marketability, and falsely represented coverage.

27. Additionally, defendant Stewart Title is alleged to be in violation of RSA 415-

    C:7, II. An obligor shall not make, permit, or cause any practice that:

    (a) Fails to perform the services promised under the contract in a timely,

    competent, or workmanlike manner; or

    (b) Has the effect of creating or maintaining a fraud.

28. It is alleged defendant Stewart Title is in violation of RSA 358-A:2, (II), (III),

8

(IV), (V), (VII), and (VII).

## (COUNT THREE)

### Violation of Truth in Lending Act (TILA) 15 U.S.C. § 1638.

29. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one through twenty nine.

30. Proper disclosers were not given, which included, but not limited to failure to warn Stewart Title's inferior service, right to rescind, failure to disclose excessive penalties, failure to acknowledge that the lender believes the consumer will be unable to fulfill the repayment obligation and that the lender charged excessive interest fees.

31. The lender also failed to disclose its equity stripping transaction, and failed to list the proper address for the subject property, within the defendant's alleged truth in lending statement.

32. The Plaintiff also alleges violations of Consumer Credit Protection Act, title 15 USC, section 1601 et seq., and Regulation Z, title 12 Code of Federal Regulations, part 226, which was adopted pursuant to such act, by failing to properly make the disclosures required in the Act and Regulation Z, as herein after more particularly set forth.

33. Defendant's Acceleration Notice, in violation of 12 USC 2601 et seq, 15 USC section 1601, et. Seq. and title 12 code of Federal Regulations, Section 226.18.

Plaintiff is specifically in the class of persons this statute was designed to protect.

As a direct, proximate, and foreseeable result of defendant's failure to provide proper notice, Plaintiff is subject to loss of property and loss of use and other damages as a result of defendant's failure.

9

## (COUNT FOUR)

### Violation of Real Estate Settlement Procedures Act (RESPA) 12 USC Section 2602.

34.   The Plaintiff re-alleges and incorporates by reference the allegations contained in
paragraphs one through thirty four.

35.   The Bank has charged excessive interest up font and failed to disclose certain rescission
guidelines.

## (COUNT FIVE)

### Violation of Home Ownership and Equity Protection Act (HOEPA) 15 U.S.C. § 1639

36.   The Plaintiff re-alleges and incorporates by reference the allegations contained in
paragraphs one through thirty six.

37.   The Bank knew it was lending more than the actual value of the property, as part of
equity striping transaction, which would void and make unenforceable said mortgage and note.

## (COUNT SIX)

### Unfair and Deceptive Practices in violation of Massachusetts Consumer Protection act under

### Chapter 93A: Section 11. as the Plaintiff is a Massachusetts resident.

38.   The Plaintiff re-alleges and incorporates by reference the allegations contained in
paragraphs one through thirty eight.

39.   The Plaintiff re-alleges more fully above, when it mortgaged and refinanced the property.
Specifically, the Plaintiff alleges that both defendants' actions were deceptive, willful, and
fraudulent, in bad faith and used unfair and illegal practices against the Plaintiff.

## (COUNT SEVEN)

### Violation of FHA 42 U.S.C. § 3605 and Pre-Foreclosure Requirements.

10

40. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one through forty.

41. FHA requires every lender to mail a booklet called "How to avoid Foreclosure" and set up a face to face meeting with the borrower before foreclosing in most cases.

42. In a letter received in July dated June 09, 2009 from Defendant Laconia Savings Bank, stated it was requesting the entire amount due of $169,622.94 dollars with a per diem of $22.5371 on or before Aug 09, 2009 and on Aug 3, 2009 defendant Bank now demands $170,155.70 or bank will institute foreclosure proceedings on Aug 17, 2009.

## (COUNT EIGHT)

### Appraisal Fraud

43. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one through forty three.

44. Defendant Bank employed Advent Appraisal Company to appraise Plaintiff's property and provided fraudulent and or intentionally over stated appraisals that were in excess of market value.

## (COUNT NINE)

### Unconscionability

45. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one through forty five.

46. The defendant bank knew it was lending in excess of property value, knew it was using a separate entity for income verification and not mortgagees actual limited salary, and the Bank knew there were Title issues being litigated when granting new loans. The defendant Bank also

11

unlawfully required the Plaintiff to restrict any and all potential rental income that could have been used for mortgage payments, which has lead to further detriment of the Plaintiffs financial status. The defendant's mortgage and note to the Plaintiff's property should be voided and or rescinded.

## (COUNT ELEVEN)

**Violation of the Plaintiff's Civil Rights under the U.S. Constitution, Bill of Rights Amendment VII, IX, and XIV, as Plaintiff alleges that Defendant Bank prevented the Plaintiff from rental income and Homestead Protection and the defendant Bank's action to Foreclosure violates the Plaintiff's Due Process Rights.**

47.   The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one through forty seven.

48.   Defendant Stewart Title Guaranty Company's failure to warn, failure to act and failure to protect the Plaintiff's property rights has infringed upon the Plaintiff's right to life, Liberty, and pursuit of Happiness.

49.   Defendant Laconia Savings Bank foreclosure efforts violate the plaintiff's Due Process rights.

## (COUNT TWELVE)

### Negligence and Contributing Negligence.

50.   The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one through fifty.

51.   As noted above, the defendant Stewart Title Guaranty Company's actions have contributed to the financial hardship and depletion of the Plaintiff's retirement funds, in which

12

Stewart Title Guaranty Company owed a duty, but failed to warn, failed to cure, and failed to defend the Title and Marketability as required in said contract.   Defendant Laconia Savings Bank contributing negligence by requiring the services of Stewart Title, has also contributed to the financial hardship upon the Plaintiff.

### (COUNT THIRTEEN)

### Violation of the New Hampshire Consumer Protection Act RSA 358-A.

52.   The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one through fifty two.

53.   N.H. RSA 358-A:2 declares it "unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state". See Hughes v. DiSalvo, 143 N.H. 576, 577, 729, A.2d 422 (1999).

54.   RSA 358-A:10 Private Actions,

I. Any person injured by another's use of any method, act or practice declared unlawful under this chapter may bring an action for damages and for such equitable relief, including an injunction, as the court deems necessary and proper. If the court finds for the plaintiff, recovery shall be in the amount of actual damages or $1,000, whichever is greater. If the court finds that the use of the method of competition or the act or practice was a willful or knowing violation of this chapter, it shall award as much as 3 times, but not less than 2 times, such amount. In addition, a prevailing plaintiff shall be awarded the costs of the suit and reasonable attorney's fees, as determined by the court. Any attempted waiver of the right to the damages set forth in this paragraph shall be void and unenforceable. Injunctive relief shall be available to private individuals under this chapter without bond, subject to the discretion of the court.

ll. Upon commencement of any action brought under this section, the clerk of the court shall mail a copy of the complaint or other initial pleadings to the attorney general and, upon entry of any judgment or decree in the action, shall mail a copy of such judgment or decree to the attorney general.

## (COUNT FOURTEEN)

### Illegal "tying", which constitutes a violation U.S. antitrust Laws.

55. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one through fifty five.

56. "Tying" is outlawed by section 1 of the Sherman Act and section 3 of the Clayton Act. It can also be considered an unlawful Predatory Practice.

## (COUNT FIFTEEN)

### PREDITORY LENDING PRACTICES

57. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one through fifty seven.

58. Non-discloser of the Plaintiff's right to cancel, non-discloser of certain truth in lending.

59. Contributing negligence and Tying violations between the two defendants.

60. Defendant Bank used a separate entity for income verification and not the Plaintiff's inadequate salary to justify loan qualification.

61. Defendant Bank failed to disclose its equity stripping transaction.

62. Fees for services that may or may not actually be provided; Loans based on the value of the property with no regard for the borrower's ability to make payments.

63. Loan flipping, whereby lenders use tactics resulting in the frequent refinancing of loans

14

with additional fees added each time.

64.    Negative loans for more than the value of the home, which result in the borrower owing
more money at the end of the loan period than when they started making payments.

65.    The Plaintiff reserves the right to amend and or add any new cause of action to this
complaint.

WEREFORE the Plaintiff respectfully requests this Honorable Court to:

A.    Grant Preliminary Injunctive relief staying all foreclosure actions by the defendant Bank in
order to prevent irreparable harm to the plaintiff, and

B.    Grant triple monetary damages to the Plaintiff as a result of the defendants
aforementioned violations, and

C.    Grant the Plaintiff damages in the amount of three times the interest paid and clear title to
the property, and

D.    Grant triple cost and triple attorney fees incurred by Plaintiff which were necessary for the
previous defense of said property rights, to be paid by defendant Stewart Title Guaranty Co.
for there failure to act and breech of duty, and for each violation stated in each Count, and

F.    Grant a fixed amount determined by this Court and cost and attorney fees necessary for
having brought this present action due to the defendants negligence, and void said mortgage
and note, and

G.    In the alternative, Grant temporary injunctive relief preventing any and all foreclosure
activities until all litigation relevant to the property is final, and

H.    for such other relief this Court deems just.

15

Respectfully Submitted,                Aug 7, 2009

Sam Bourne individually  Pro se
and as Trustee
Bedrock Realty Trust
117 Pond St
East Bridgewater, MA 02333
508-378-9319

16