UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Samuel J. Bourne, Individually
and as Trustee of Bedrock
Realty Trust

    v.                                  Case No. 09-cv-270-PB

Stewart Title Guaranty Company


**O R D E R**

Plaintiff moves to compel the production of material specified in one or more discovery requests, and for other related relief.  Defendant objects.  For the following reasons, plaintiff's motion to compel is denied.

Under the discovery provisions of the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is to relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Beyond that, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  Id.  Under Rule 37(a)(1), a party may move the court for an order compelling discovery. "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Id.

As a preliminary matter, plaintiff's motion does not include the certification required by Rule 37(a)(1). Moreover, the motion also fails to comply with this court's Local Rules which provide, in pertinent part:

> Any discovery motion filed pursuant to Fed. R. Civ. P. 26 or 30 – 37 shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection, or a copy of the actual discovery document which is the subject of the motion, <u>provided that the party shall file only that portion of the discovery document that is objected to or is the subject of the motion</u>.

LR 37.1(a) (emphasis added). Here, plaintiff has not provided a verbatim recitation of the request(s) for production on which he bases his motion to compel. And, rather than filing the particular portion of his discovery document on which his motion is based, he has submitted the entire document, which includes eighteen separate numbered requests.

While the court is loath to dispose of plaintiff's motion in a way that might be perceived as overly technical "nitpicking," the circumstances of this case amply demonstrate the reason for the specificity demanded by Local Rule 37.1(a). Defendant says production of what plaintiff seeks is impossible because of its document retention policy, a fire in 2006, and/or a flood in 2003. Plaintiff contends that he is also seeking information that post-dates 2006, thus rendering the fire at

least partially immaterial.  Without the precision demanded by Local Rule 37.1(a), it is impossible to sort out the dispute.  Without knowing exactly what plaintiff is seeking from defendant, the court can hardly compel its production.  Accordingly, plaintiff's motion to compel is denied for failure to comply with Local Rule 37.1(a).

That said, the court agrees with defendant that it cannot be compelled to produce that which it does not possess.  Moreover, the court is satisfied that defendant: (1) does not possess a claim file pertaining a 2003 claim; and (2) has produced any and all files in its possession pertaining to claims made by plaintiff.  If there is anything further plaintiff seeks, he is free to do so in a properly supported motion to compel.  But, for the reasons given, the motion to compel currently before the court, doc. no. 116, is denied.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

June 20, 2011

cc:  Edmond J. Ford, Esq.
     Richard K. McParlin, Esq.
     Samuel Bourne, pro se